UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAURICE DEWS,

                Petitioner,

    v.                                    Civil Action No. 15-0164 (TSC)

UNITED STATES,

                Respondent.

**MEMORANDUM OPINION**

This matter is before the Court on Maurice Dews' *pro se* Motion/Petition for a Writ of Habeas Corpus [ECF No. 1] ("Pet."). Although the petition is short on facts, it is clear that Petitioner raises claims of ineffective assistance of trial counsel ("IATC") and ineffective assistance of appellate counsel ("IAAC"). *See, e.g., id*. at 1-2 (page numbers designated by ECF). The IATC claim centers on trial counsel's alleged failure to take Petitioner's mental health into account. Specifically, Petitioner contends that counsel was ineffective because she failed to pursue an insanity defense, *see id*. at 2, and coerced him to enter a guilty plea, *see id*. at 2, 10, among other deficiencies, *see, e.g., id*. at 10, 12. To borrow Respondent's colorful description of the IAAC claim, Petitioner "[p]erfunctorily, *pro forma*, and in passing . . . mentions appellate counsel just enough to squeeze her into his petition's car, but she has been shoved into the back seat, dragged along for the ride, and only trial counsel's alleged errors are driving the § 2254 vehicle for [Petitioner's] collateral attack." Government's Return to Order to Show Cause Why Court Should Not Grant Relief Sought in *Pro Se* "Motion/Petition for Writ of

*Habeas Corpus*, 28 U.S.C. § 2254" [ECF No. 13] ("Gov't Resp.") at 1; *see* Pet. at 10 (asserting that "the appellate attorney . . . would not research pretrial attorney's performances"). For the reasons discussed below, the petition will be denied.

## I.  BACKGROUND

After the Petitioner waived his preliminary hearing, on November 4, 2011, "the prosecution and defense presented the trial court with a negotiated plea agreement pursuant to [Superior Court Criminal Rule 11(e)(1)(c)]." Gov't Resp., Ex. 4 ("*Anders* Brief") at 2; *see Anders* Brief at 8. The court "conducted a plea colloquy . . . and arraigned [Petitioner] on five counts of Arson in violation of [D.C. Code § 22-301] and four counts of Aggravated Assault While Armed . . . in violation of [D.C. Code §§ 22-404.01 and 22-4502]." *Anders* Brief at 2; *see id*. at 13-18.

The plea agreement came about over the course of roughly four months, *see id*. at 8-9, and resolved not only the charges Petitioner faced in the District of Columbia, but also charges he faced in Maryland, *see id*. at 9. The court appointed co-counsel to advise Petitioner with respect to the Maryland charges, and all the parties coordinated matters such that Petitioner first would enter his plea in the District of Columbia, after which he would be transferred to Maryland to plead guilty there. *See id*. at 9-12. Petitioner thereafter signed a written Plea Agreement and Waiver of Trial which reflected the terms of the plea, Petitioner's "desire to plead guilty and to give up his right to trial and his right to an appeal," and his understanding that "once [he] pled guilty he would be convicted and the only matter left would be for the court to sentence him." *Id*. at 12.

Following the November 4, 2011 plea colloquy, Petitioner sent three letters to the presiding judge, two of which suggested that Petitioner was "changing his mind about the plea" because he "was pressured into pleading guilty." *Id*. at 18. The court held a hearing on January 10, 2012, at which defense counsel "explained that she had talked with [Petitioner] about his doubts and his options," and expressed her belief that Petitioner "wanted to go forward with the sentencing." *Id*. Petitioner "explained to the court that he had been second-guessing his decision to plead guilty but, after he undertook some reading in the law library, he determined that he was satisfied with the plea." *Id*. at 18-19. "When the trial court asked directly if it could disregard the letters [Petitioner] had written . . . , he told the trial court 'yes.'" *Id*. at 19.

On February 3, 2012, the trial court held a hearing "regarding [Petitioner's] decision to waive his right to assert an insanity defense." *Id*. After defense counsel spoke, Petitioner represented to the court "that he had met with defense counsel about the insanity defense, received his mental health report and read the report." *Id*. "The trial court asked defense counsel and the prosecutor if anything in [Petitioner's] mental assessment caused either of them to question [his] competency to plead guilty and both indicated 'no.'" *Id*. "The trial court questioned [Petitioner] about his understanding of the insanity defense," and "explained to [him] that if he were to raise an insanity defense, the purpose would be to have the fact finder determine he was not responsible for the crime." *Id*. at 20. The court concluded from the parties' representations, "the forensic report and the plea colloquy . . . that [Petitioner] knowingly and voluntarily waived his right to raise the insanity defense." *Id*.

The court sentenced Petitioner on March 13, 2012. *Id*. at 3. "Specifically, for each of the five counts of Arson, the trial court sentenced [Petitioner] to twelve months incarceration and three years of supervised release . . . .   For each of the four counts of [Aggravated Assault While

3

Armed], the trial court sentenced [him] to sixty months incarceration and five years of supervised release[, for a total sentence of 25 years'] incarceration." *Id*. "[A] factual proffer detailed the evidence [Petitioner] admitted to as part of the plea agreement," *id*. at 21, and due to its length, *id*. at 21-26, the Court will not repeat it here and instead incorporates it by reference.

The court denied Petitioner's *pro se* motion under D.C. Code § 23-110 to vacate the sentence and under Superior Court Criminal Rule 32(e) to withdraw the guilty plea. *See generally* Gov't Resp., Ex. One (Order, *United States v. Dews*, Crim. No. 2011-CF3-12693 (D.C. Super. Ct. filed Sept. 17, 2013)). On appeal, appointed counsel submitted an *Anders* brief "discuss[ing] the legal issues related to the plea procedures[,] fairness of the plea[,] and the legality of the sentence." *Anders* Brief at 27. The District of Columbia Court of Appeals found "no non-frivolous issues on appeal" and affirmed the Superior Court's judgment. Gov't Resp., Ex. Five (Judgment, *Dews v. United States*, No. 12-CF-597 (D.C. Ct. of App. filed June 13, 2014)). Its mandate issued on September 26, 2014, and Petitioner did not file a motion to recall the mandate. *Id*., Ex. Six (docket sheet, No. 12-CF-597) at 1.

## II. DISCUSSION

### A. Ineffective Assistance of Trial Counsel

Under 28 U.S.C. § 2254, a federal district court is authorized to issue a writ of habeas corpus "[on] behalf of a person in custody pursuant to the judgment of a State court" if he "is in custody in violation of the Constitution or laws . . . of the United States," *id*. § 2254(a). For purposes of § 2254, the local courts of the District of Columbia are considered state courts. *See Milhouse v. Levi*, 548 F.2d 357, 360 n.6 (D.C. Cir. 1976). However, a District of Columbia offender who has been convicted in and sentenced by the Superior Court ordinarily must present

4

challenges to his conviction and sentence by motion under D.C. Code § 23-110(a) in the Superior Court. *See, e.g., Head v. Wilson*, 792 F.3d 102, 105 (D.C. Cir. 2015) ("Section 23-110 establishes the procedure by which a person sentenced by the superior court can seek collateral review of his conviction or sentence."); *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)."); *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (stating that section 23-110 "entirely divest[s] the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a [§] 23-110 remedy available to them, unless the petitioner could show that the [§] 23-110 remedy was 'inadequate or ineffective."); *see also Garmon v. United States*, 684 A.2d 327, 329 n.3 (D.C. 1996) ("A motion to vacate sentence under [§] 23-110 is the standard means of raising a claim of ineffective assistance of trial counsel.").

 Here, Petitioner claims to have "exhaust[ed] all lower court remedies and 23-110 appeals," Pet. at 1; *see id* at 9, albeit without success, *see id*. at 4. "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." *Garris v. Lindsay,* 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986)). Petitioner's lack of success does not render the remedies available under § 23-110 inadequate or ineffective. *See, e.g., Joyner v. O'Brien*, No. 09-0913, 2010 WL 199781, at *1 (D.D.C. Jan. 15, 2010), *aff'd*, No. 10-5083, 2010 WL 5558285, at *1 (D.C. Cir. Oct. 5, 2010) (per curiam), *cert. denied*, 131 S. Ct. 2944 (2011). He may not present, and this Court will not entertain, any claims arising from alleged trial court error or trial counsel's substandard performance. *See Blair-Bey*, 151 F.3d at 1042.

### B. Ineffective Assistance of Appellate Counsel

The IAAC claim is one over which this Court may exercise jurisdiction. *See Williams*, 586 F.3d at 998-1001; *see also Ibrahim v. United States*, 661 F.3d 1141, 1142 (D.C. Cir. 2010). Petitioner faces an initial hurdle, however. Exhaustion of available remedies in the District of Columbia courts is a prerequisite to obtaining relief under § 2254, which in the circumstances of Petitioner's case means a motion in the District of Columbia Court of Appeals to recall the mandate. *See Watson v. United States*, 536 A.2d 1056, 1059 (D.C. 1987) (en banc) (concluding that "one may challenge previous counsel's effectiveness on appeal" by "filing with this court a motion to recall the mandate"); *cf. Streater v. Jackson*, 691 F.2d 1026, 1028 (D.C. Cir. 1982) ("[I]t is apparent that the D.C. Court of Appeals is the tribunal best situated to address [the appellant's] claim that he was denied effective assistance of counsel in that forum."). Petitioner has not sought recall of the District of Columbia Court of Appeals mandate, and thus he has failed to exhaust his available remedies. His IAAC claim, therefore, is not properly before this Court. *See* 28 U.S.C. § 2254(b)(1); *Johnson v. United States*, No. 15-0945, 2015 WL 3824889, at *1-2 (D.D.C. June 19, 2015); *Saunders v. United States*, 72 F. Supp. 3d 105, 108 (D.D.C. 2014), *appeal docketed*, No. 15-5007 (D.C. Cir. Jan. 14, 2015); *see also Williams*, 586 F.3d at 1000 ("D.C. prisoners who challenge the effectiveness of appellate counsel through a motion to recall the mandate in the D.C. Court of Appeals will get a second bite at the apple in federal court.").

Even if Petitioner had moved to recall the Court of Appeals' mandate, dismissal of his petition is warranted still. In order to prevail on an IAAC claim, Petitioner "must first show that his counsel was objectively unreasonable . . . in failing to find arguable issues to appeal -- that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief

raising them." *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687-691 (1986)).  If Petitioner meets his initial burden, he next must "demonstrate[e] prejudice.  That is, he must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal."  *Id*. (citing *Strickland*, 466 U.S. at 694).

The Court has reviewed the petition carefully along with "Petitioner's Response to Government's Response in Opposition to Pro Se Habeas Corpus 28 U.S.C. § 2254" [ECF No. 19].  Appellate counsel discussed at length the record of the criminal case, particularly the plea procedures, the underlying factual bases of the charges against petitioner, and the sentence imposed, *see Anders* Brief at 30-46, and concluded that "the matter lack[ed] meritorious issues for appellate review," *id*. at 48.  Petitioner does not identify, nor does the Court discern, an objectively unreasonable action on the part of appellate counsel.  Accordingly, the petition for a writ of habeas corpus will be denied.  An Order is issued separately.

/s/
TANYA S. CHUTKAN
United States District Judge

DATE:  December 16, 2015